UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROHAN JOHNSON,

                Plaintiff,

    -against-                          MEMORANDUM AND ORDER
                                          07-CV-1577 (JS)(AKT)
WILLIAM ZERELLO,[1] UNITED STATES
MARSHAL'S SERVICE,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Rohan Johnson, Pro Se
                    # 716-92-053
                    Metropolitan Detention Center
                    P.O. Box 329002
                    Brooklyn, New York 11232

For Defendants:
William Zerillo:     John Joseph McCarthy, III, Esq.
                    McCarthy Law Firm, PLLC
                    1120 Avenue of the Americas
                    Suite 4006
                    New York, New York 10036

United State's
Marshal's Service:   No appearance.

SEYBERT, District Judge:

        Plaintiff Rohan Johnson ("Plaintiff"), proceeding pro se, commenced this action on April 16, 2007, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant William Zerillo's motion to dismiss the Complaint. For the reasons stated below, Defendant's motion is GRANTED.

---

[1] Plaintiff incorrectly spells Defendant's name as William Zerello. The correct spelling is Zerillo.

## BACKGROUND

Plaintiff claims that he was deprived of his constitutional rights while incarcerated at the Queens Private Correctional Facility ("QPCF"). Plaintiff alleges that beginning on or about April 10, 2006, QPCF ignored Plaintiff's requests for religious meals conforming to the beliefs of the Rastafarian faith. QPCF and its employees apparently made accommodations for inmates requesting meals conforming to the Islamic and Jewish faith, but allegedly refused to provide Rastafarian meals. Plaintiff alleges that he filed numerous grievances regarding the lack of Rastafarian meals, but notwithstanding the complaints, QPCF continued to serve Plaintiff "meat, eggs, dairy" in violation of Plaintiff's beliefs.

Plaintiff claims to have suffered vitamin deprivation, "free-radical" in the body, weakened immunity, headaches, anguish, hunger pains, "disconnected spiritual upliftment," and stress as a result of the lack of Rastafarian meals. Plaintiff requests meals without any meat, dairy, or eggs, and requests that QPCF hire a chef that is experienced with the Rastafarian faith and can prepare meals conforming to the Rastafarian lifestyle. On April 11, 2007, Plaintiff filed a Complaint alleging that Defendants violated his First Amendment right to freedom of religion and his Fourteenth Amendment right to be treated equally under the law.

On August 3, 2007, QPCF filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim. Defendant argues that it is expensive and a severe administrative burden for correctional facilities to provide Rastafarian meals, that Plaintiff failed to exhaust his administrative remedies, and that Plaintiff's claim is moot as Plaintiff no longer is incarcerated at QPCF. Plaintiff has not responded to Defendant's motion to dismiss.

DISCUSSION

I. Rule 12(b)(6) Standard Of Review

In Bell Atl. Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court disavowed the half-century old standard set forth in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), (overruled by Bell Atl. Corp., 127 S. Ct. 1955 (2007). Holding that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," the Supreme Court expressly rejected the standard in favor of a requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1969, 1974. The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. To be clear, Bell Atlantic does not require

3

"heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

The Second Circuit has interpreted Bell Atlantic to require "a flexible 'plausibility standard,'" which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In applying this new standard, the district court must still accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

The Court recognizes that pro se plaintiffs are entitled to a more liberal pleading standard. Nonetheless, pro se plaintiffs must still comport with the procedural and substantive rules of law. See Colo. Capital v. Owens, 03-CV-1126, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. Mar. 16, 2005).

II. Plaintiff's Claims Are Moot

Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to claims that are "cases" or "controversies." In order for the federal court to retain jurisdiction, "an actual controversy must exist 'at all stages of review, not merely at the time the complaint is filed.'"

4

Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (quoting Preiser v. Newkirk, 422 U.S. 395, 402, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975)). A case is deemed moot where the problem sought to be remedied has ceased, and where there is "no reasonable expectation that the wrong will be repeated." Id.

On July 16, 2007, Plaintiff was transferred to the Metropolitan Detention Center, located in Brooklyn, New York. Because Plaintiff no longer is housed in QPCF, Plaintiff's request that QPCF provide him with Rastafarian meals and hire a "chef that is experienced and knows how to prepare food/meals conducive to the lifestyle of Rasta-Farians" is moot and the Court lacks jurisdiction to hear them. See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); Prins, 76 F.3d at 506 (holding that plaintiff's transfer from a prison facility rendered his claim requesting that the facility provide him with hot Kosher meals moot); Tafari v. Annets, No. 06-CV-11360, 2007 U.S. Dist. LEXIS 76017, at *42-45 (S.D.N.Y. Oct. 15, 2007) (holding that the court lacked jurisdiction over plaintiff's request that correctional facility provide plaintiff with Kosher bag lunches because plaintiff had been transferred to a new facility). Accordingly, Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED. Because the Court

dismisses Plaintiff's Complaint on mootness grounds, the Court need not address Defendant's remaining arguments.

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss for failure to state a claim upon which relief could be granted and DISMISSES Plaintiff's Complaint because the Court lacks jurisdiction over Plaintiff's claim. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
JOANNA SEYBERT U.S.D.J.

Dated: Central Islip New York
March 6, 2008